IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 1:14CR35 |
| | ) | The Honorable Anthony J. Trenga |
| ROBERT KANLI, | ) | Sentencing Date:   May 2, 2014 |
| also known as Robert Stanton Martin, | ) | |
| Defendant. | ) | |

## POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, through its attorneys, Dana J. Boente, United States Attorney, and Ronald L. Walutes, Jr., Assistant United States Attorney, and in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, *Guidelines Manual,* § 6A (Nov. 2010), files this Position of the United States with Respect to Sentencing.

The government has no objection to the thorough Presentence Investigation Report (PSR) and believes the guidelines are properly calculated with a Sentencing Guidelines range of **10 - 16 months.**   The defendant entered a pre-indictment plea in this case and in the written plea agreement, the government agreed to recommend a sentence at the low end of the guidelines. Given the early plea in this case, the government believes such a sentence accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

## BACKGROUND

As detailed in the Statement of Facts and with greater detail in the PSR, the defendant sent via the internet numerous threatening communications to the United States Consular Section in Pristina, Kosovo.   For several days in September of last year the defendant explicitly threatened the Foreign Service Officer over his nonrefundable $56 filing fee.   The defendant is a United

States citizen, despite his false assertion in 2011, to have renounced his citizenship, made to the Israeli authorities. The defendant is well-educated, apparently speaks a number of languages and has spent the last several years outside the United States. However, he has no employment that he would identify to the PSR author since 2010. While he claims to have lived off investments for several years, the lack of any verified asserts and the substantial student loans seem to contradict this assertion.

The defendant was taken into custody on September 18, 2013, by the Kosovo National Police for threatening a foreign diplomatic mission in violation of Article 185, Paragraph 3 of the Criminal Code of Kosovo. He was in the custody of the Kosovo judicial system until his return to the United States where he was placed in the custody of the United States Marshals Service on January 13, 2014. The defendant entered an early pre-indictment plea before this Court. The maximum penalty for this offense is a term of imprisonment of five years, a fine of $250,000, a $100 special assessment, and a three year term of supervised release. The government has no objection to the Presentence Report prepared in this case. This is the defendant's second felony conviction and his Total Offense Level is **12**, **Criminal History I**, for a Guideline range of **10-16 months**. The written plea agreement in this case notes that the government recommends a sentence at the low end of this range.

## ARGUMENT

I.   **Applicable Sentencing Law**

The Sentencing Guidelines promulgated by the Sentencing Commission are advisory, although sentencing courts "must consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 264, 125 S. Ct. 738, 767 (2005). "The Guidelines require the district judge to give due consideration to the relevant sentencing range . . .

." *Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011) (plurality opinion). In "the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 109, 128 S. Ct. 558, 574 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 350, 127 S. Ct. 2456, 2465 (2007)). Accordingly, a "district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

The "Guidelines should be the starting point and the initial benchmark," keeping in mind that a sentencing court "may impose sentences within statutory limits based on appropriate consideration of all of the factors listed in § 3553(a), subject to appellate review for 'reasonableness.'" *Pepper v. United States*, 131 S. Ct. 1229, 1241 (2011). Although "the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall v. United States*, 552 U.S. 38, 46, 128 S. Ct. 586, 594 (2007). A sentencing court, therefore, "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 555 U.S. 350, 351, 129 S. Ct. 890, 891-92 (2009).

Section 3553(a) states that the court should consider the nature and circumstances of the offense and characteristics of the defendant. In addition, the court must consider other factors,

including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). The court should also consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

## II.     Factors and Considerations Set Forth in 18 U.S.C. § 3553(a) and (b)

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to:   reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.     *Nature and Circumstances of the Offense*:   It is also important that the defendant's sentence deter others from committing similar crimes.  *United States v. Miller*, 484 F.3d 964, 967-68 (8th Cir. 2007) ("general deterrence . . . is one of the key purposes of sentencing . . . ."). State Department employees face enough risks without drawing the unprovoked abuse detailed in this criminal offense. While cognizant of the defendant's personal history, the instant charge addresses his inability to control his temper and willingness to repeatedly make repugnant threats to a federal employee in writing.

*History and Characteristics of Defendant*:   The defendant recently turned 34 years old. His history, as detailed in the PSR, reflects a number of troubling mental health concerns and the government asks that the Court impose treatment as appropriate during the full three year period of

4

supervision.  The Kosovo records, PSR at 59\1, together with the defendant's apparent minimization of his condition throughout his life, suggest to the government that there is a significant benefit to be gained from such treatment over the full three years of his supervised release.  Further, the government objects to any international travel during the period of the defendant's supervision as it would both interfere with this treatment and -- just as importantly -- with the monitoring of this treatment going forward.  Such medical care and monitoring to protect the public are explicit statutory factors identified in 18 U.S.C. Section 3553(a)(2)(C) and (D).  The defendant has apparently denied the need for such care and walked away from it in the past.  The government further asks this Court to order that the defendant not seek a new US passport without Court permission and not travel on any foreign passport he may possess.\2  Accordingly, the government believes that consistent treatment that is monitored and required during the three year period of Court supervision will best serve the statutory sentencing factors.  The diagnosis appears consistent, but the treatment has not been to date.

---

1 That the defendant disputes his described behavior while detained in Kosovo further demonstrates his own inability to grasp his need for mental health treatment.  The repetitive incidents   and his family's input as recorded in the PRS as well as the facts of the instant offense persuasively indicate the need for a carefully monitored plan of treatment for the full term of his three years of supervised release.
2 The defendant was previously married to a German citizen, PSR at 52, and may possess or be able to obtain a German passport.

## **CONCLUSION**

WHEREFORE, for the above-stated reasons, the government recommends to this Court a sentence at the low end of the properly calculated sentencing guidelines with three years of mental health treatment as appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

Dana J. Boente
United States Attorney

By:     /s/
Ronald L. Walutes, Jr.
Virginia Bar No.: 26312
Attorney for the United States of America
United States Attorney's Office
Justin W. Williams United States Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: 703-299-3700
Fax: 703-739-9556
Email: ron.walutes@usdoj.gov

CERTIFICATE OF SERVICE

      I electronically filed the foregoing Sentencing Position with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) on April 25, 2014, to the following:

Geremy C. Kamens, Esquire
Counsel for the defendant

And I hereby certify that I have sent the foregoing by email to the following individual:

    William C. Byerley
    U.S. Probation Officer
    William_Byerley@vaep.uscourts.gov

By:    /s/
    Ronald L. Walutes, Jr.
    Virginia Bar No.: 26312
    Attorney for the United States of America
    United States Attorney's Office
    Justin W. Williams United States Attorney's Building
    2100 Jamieson Avenue
    Alexandria, Virginia 22314
    Phone: 703-299-3700
    Fax: 703-739-9556
    Email: ron.walutes@usdoj.gov